# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **FARM CREDIT SERVICES OF AMERICA, FLCA,**<br><br>Plaintiff,<br><br>vs.<br><br>**KATHY MENS,**<br><br>Defendant. | **8:19CV14**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on its own motion. In its Memorandum and Order dated January 18, 2019, ECF No. 16 (the "Preliminary Injunction Order"), the Court granted the Motion for Preliminary Injunction submitted by Plaintiff Farm Credit Services of America, FLCA ("Farm Credit"),. During the hearing on the Motion for Preliminary Injunction, the Court permitted additional briefing from Defendant Kathy Mens regarding whether the Court should lift the preliminary injunction. Mens submitted a brief, ECF No. 20, and Farm Credit submitted a reply, ECF No. 22. For the reasons stated, the Court will not alter the Preliminary Injunction Order.

## BACKGROUND

Farm Credit filed its Complaint and Motion for Temporary Restraining Order and Preliminary Injunction on January 11, 2019. ECF No. 4. The allegations in the Complaint are summarized in the Preliminary Injunction Order and are incorporated herein by reference. In sum, Farm Credit alleges that Mens violated the Assignment, Nonsolicitation, and Nondisclosures Agreement (the "Contract") that Mens signed during her employment with Farm Credit. In her brief, Mens argues that while the Contract

contains language that has been enforced by the Nebraska courts in other cases, a portion of the language is overbroad as applied to the specific facts of this case and is not narrowly tailored to protect Farm Credit's legitimate business interests. Mens argues that because Nebraska law does not allow the Court to modify the Contract, the non-compete portions of the Contract must be stricken. In support of her additional briefing, Mens submits the statements of four customers with whom she worked during her time employed with Farm Credit. Each customer states that he or she did business with Mens before Mens worked for Farm Credit and that Mens did not solicit their business.[1]

## DISCUSSION

Mens argues that the preliminary injunction should be lifted because Farm Credit is not likely to succeed on the merits and cannot demonstrate a threat of irreparable harm.

**I. Likelihood of Success on the Merits**

Mens asserts that the Contract is unenforceable in Nebraska. Under Nebraska law, an employer does not have a legitimate interest in protection against "ordinary" competition from a former employee and, thus, is not entitled to the enforcement of restrictive covenants concerning ordinary competition. *Moore v. Eggers Consulting Co.*, 562 N.W.2d 534, 539 (Neb. 1997) (citing *Vlasin v. Len Johnson & Co.*, 455 N.W.2d 772, 776 (Neb. 1990); *see also Chambers-Dobson, Inc. v. Squire*, 472 N.W.2d 391, 398-99 (Neb. 1991) ("A restraint on the employee is illegal when its purpose is the prevention of

---

[1] Mens asserts that each of the customers chose to follow her to her new employment with Farmers Business Network (FBN). However, each of the statements reads: "We followed her to FCSA because of her to do our business (sic)." *See* Kathy Mens Nonsolicitation Statements, ECF No. 21-1, Page ID 120-24 (emphasis added). The acronym FCSA was used for Farm Credit in the Contract. It is unclear whether the customers intended to use "Farmers Business Network" or if they meant they followed Mens from a previous place of employment to Farm Credit. In either case, the statements assert that Mens did not solicit the customers' business.

2

competition, except when the methods of competition to be prevented are methods commonly regarded as improper and unfair.").

Mens argues that the Contract is not limited to preventing unfair competition. Specifically, Mens argues Section 2 of the Contract is overbroad because it prohibits Mens from seeking or accepting employment with customers Mens worked with while employed at Farm Credit. Because these customers are farmers and do not sell crop insurance, they could not be in competition with Farm Credit. Mens argues that this provision nullifies the entire provision because it is not limited to preventing "unfair" competition. However, Mens's argument ignores the language in Section 2 that specifically excludes activities "unrelated to and not competitive with" Farm Credit's business. *See* Contract at 1; ECF No. 1-1, Page ID 11. Under the exception listed in Section 2, Mens would be free to perform any activity for her Farm Credit customers that is not competitive with Farm Credit's insurance sales service. Accordingly, the Contract is not overbroad for the reasons argued by Mens.

Mens also argues that the Contract is unfair because it prevents her from doing business with customers who reached out to Mens and who were her customers before she worked for Farm Credit. As the Court previously recognized, the Nebraska Supreme Court has approved similar contract language in a nonsolicitiation agreement. *See Aon Consulting, Inc. v. Midlands Fin. Benefits, Inc.*, 748 N.W.2d 626, 638 (Neb. 2008). Under the terms of the Contract, Mens is only prevented from working with those Farm Credit customers with whom she "actually worked and had personal contact with while employed" with Farm Credit. Contract at 1; ECF No. 1-1, Page ID 11. Farm Credit has established, at this stage, that it provided substantial resources to cultivating goodwill with

3

its customers. The Contract seeks only to prevent Mens from unfairly capitalizing on that goodwill. For these reasons and those stated in the Preliminary Injunction Order, the Contract is valid.

## II. Threat of Irreparable Harm

Mens argues that Farm Credit cannot show a threat of irreparable harm because its damages are easily calculable. Mens argues that Farm Credit could base its damages on the premiums it would have received from the customers who followed Mens. The Eighth Circuit has recognized that "irreparable harm can be inferred from a trial court's actual finding of a breach of a restrictive covenant by the defendant." *Overholt Crop Ins. Serv. Co. v. Travis*, 941 F.2d 1361, 1371 (8th Cir. 1991) (internal quotation marks omitted). In *Travis*, the court affirmed a permanent injunction, concluding that a crop insurance agency would suffer irreparable harm if its former employee continued to solicit the agency's clients in violation of a restrictive covenant. *Id*. The court explained that without an injunction, the insurance agency's "clientele might be further eroded as a result of the defendants' predatory habits." *Id*. Accordingly, it would be "practically impossible" to estimate the crop insurance agency's future losses if its former employee continued to violate a restrictive covenant. *Id*.

Without a preliminary injunction, Mens would be free to develop business relationships with customers whom she met through her work at Farm Credit, as well as customers whom she knew before that employment but with whom she built good will at Farm Credit. In that event, Farm Credit could lose the opportunity to benefit from such customers' future growth, potential increases in their demands for insurance, or their referrals. As noted by the Eighth Circuit, these types of losses would be "practically

4

impossible" to quantify, and therefore Farm Credit has demonstrated a threat of irreparable harm.

**CONCLUSION**

The Court has considered the additional arguments and evidence submitted by Mens. At this stage, Farm Credit has demonstrated that the Contract is very likely enforceable as a valid restriction on unfair competition. Further, Farm Credit has shown that a failure to enforce the Contract would present a threat of irreparable harm. Accordingly,

IT IS ORDERED: Unless this Memorandum and Order is later modified, the Preliminary Injunction Order, ECF No. 16, remains in force throughout the pendency of this litigation.

Dated this 1st day of March, 2019.

                                        BY THE COURT:

                                        s/Laurie Smith Camp
                                        Senior United States District Judge