IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FARM CREDIT SERVICES OF AMERICA,
FLCA,

                        Plaintiff,                                          8:19-CV-14

            vs.

KATHY MENS,                                                    MEMORANDUM AND ORDER

                        Defendant.

## I.  INTRODUCTION

This case arises out of an employment relationship and covenant not to compete between

Farm Credit Services of America, FLCA ("Farm Credit") and its former employee, Kathy Mens.

*See* Filing 1. Farm Credit, a crop-insurance broker, employed Mens to sell crop-insurance policies

but subsequently released her from its employ. Filing 1 at 2. After Mens no longer worked for

Farm Credit, Farm Credit filed this action seeking damages for Mens's alleged breach of the

covenant not to compete and enforcement of the same via both preliminary and permanent

injunctions. Filing 1 at 7-8. The Court previously ruled on a Motion for Partial Summary Judgment

(Filing 46) submitted by Mens and a Motion for an Order of Civil Contempt (Filing 41) from Farm

Credit. *See* Filing 71.

Farm Credit now asks the Court to reconsider its Memorandum and Order dated April 21,

2020 (the "Order"), as it relates to the Court's partial grant of summary judgment to Mens because

it "renders valid noncompete agreements virtually meaningless" and "inadvertently provide[s]

employees with a roadmap to circumvent their obligations under an otherwise enforceable

noncompete." Filing 75 at 5. As discussed below, the Court denies Farm Credit's Motion for

Reconsideration. Filing 74.

1

## II. BACKGROUND

Mens worked for twenty-four years at Midwest Insurance Corporation until Farm Credit enticed her to leave and join it. Filing 49-2 at 3-4. After Mens began working for Farm Credit, approximately fifty customers, with whom she had developed relationships prior to and while working at Midwest, transferred their business to Farm Credit. Filing 49-2 at 16, 23, 26. Mens had known and serviced some of those clients, including Bud Robey ("Robey"), Melissa Eshelman, Jared Eshelman, Audrey Eshelman, and Clay Ag Enterprises,[1] for years. *See* Filing 49-3 at 1 (Melissa Eschelman describing Mens's "longstanding personal" relationships with the various members of the Eschelman family); Filing 49-4 at 1 (Robey has known Mens "since 1976," went to high school with her, and they attended the same church). Mens signed an employment contract which included a covenant not to compete prohibiting her from accepting employment with a competing business or servicing customers of Farm Credit with whom she worked while at Farm Credit once she no longer worked for Farm Credit. Filing 49-2 at 22; Filing 1-1 at 1.

In May of 2018, Farm Credit "terminated all of the 196" employees of its retail division, including Mens, due to "restructuring."[2] Filing 49-2 at 52; Filing 57-4 at 2. Forty of the customers Mens had worked with at Midwest that followed her to Farm Credit did not retain Farm Credit for their crop-insurance needs following her termination. Filing 49-5 at 2. Of those forty accounts, Mens ended up servicing long-time clients Robey and the Eshelmans for the 2019 crop-insurance year, after they solicited Mens to write their policies. Filing 49-2 at 30, 32, 34, 37; Filing 49-3 at 2-3; Filing 49-4 at 2. Related to summary judgment, Mens submitted declarations from Robey and

---

[1] The Court will collectively refer to Melissa Eshelman, Jared Eshelman, Audrey Eshelman, and Clay Ag Enterprises as the "Eshelmans" because of their collective decision-making as one entity.

[2] While Farm Credit disputes that it "terminated" Mens, Farm Credit's own Senior Vice President of Related Services admitted termination in her declaration. *See* Filing 57-4 at 2.

the Eshelmans stating that they would no longer do business with Farm Credit after Mens's termination.  Filing 49-2 at 5; Filing 49-3 at 2; Filing 49-4 at 2.

On Mens's Motion for Partial Summary Judgment, the Court concluded that Mens's service of Robey and the Eshelmans in 2019 was a breach of her noncompete agreement with Farm Credit, but Farm Credit's breach-of-contract claim failed as a matter of law as to Robey and the Eshelmans because the uncontroverted evidence in the record illustrated this breach was not the proximate cause of any damage to Farm Credit. *See* Filing 71 at 17-21.  However, the Court denied summary judgment as to all other customers. *See* Filing 71 at 20-21. Farm Credit now asks the Court to reconsider its ruling on summary judgment that Farm Credit's breach-of-contract claim as to Robey and the Eshelmans failed as a matter of law. *See* Filing 74; Filing 75.

### III.  STANDARD OF REVIEW

Rule 60(b) authorizes a court to relieve a party from a final judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with a reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). A motion for reconsideration is also not the appropriate place to "tender new legal theories for the first time." *Id.* (quoting *Hagerman*, 839 F.2d at 414). "Relief is available under subdivision (b)(6),

however, only in 'extraordinary circumstances . . . .'" *Buck v. Davis*, 137 S. Ct. 759, 772, 197 L.

Ed. 2d 1 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 2649, 162 L.

Ed. 2d 480 (2005)). More specifically, "[r]elief is available under Rule 60(b)(6) only where

exceptional circumstances have denied the moving party a full and fair opportunity to litigate his

claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*,

413 F.3d 866, 871 (8th Cir. 2005) (citing *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th

Cir. 1994)).

## IV. DISCUSSION

Farm Credit asks the Court to rethink its Order arguing (1) it will allow employees to

circumvent their noncompete obligations, (2) Mens caused Farm Credit harm, (3) the Court

improperly made credibility determinations that it should have left to a jury, and (4) the Order is

unfair. Filing 75 at 4-12. The "extraordinary" and "exceptional" circumstances required to justify

relief under Fed. R. Civ. P. 60(b)(6) do not exist here. Farm Credit's motion is denied.

In its Motion, Farm Credit reiterates its prior legal argument that causation is not lacking

because Mens necessarily caused it damages. Filing 75 at 7-9. The Court again refers Farm Credit

to black letter law in Nebraska.

In order to recover on a claim for breach of contract, a Plaintiff must prove that (1) the

plaintiff and the defendant entered into the contract; (2) the terms of the contract; (3) the defendant

breached the contract in one or more of the ways alleged by the plaintiff; (4) the breach of contract

was the proximate cause of some damage to the plaintiff; and (5) the nature and extent of the

damage. *See* 1 Neb. Prac., NJI2d Civ. 15.01 ¶ B. (West 2019). "In any damage action for breach

of contract, the claimant must prove that the breach of contract was the proximate cause of the

damages. This requires a causal relationship between the damages asserted and the breach relied

upon." *Union Ins. Co. v. Land & Sky, Inc.*, 253 Neb. 184, 188, 568 N.W.2d 908, 911 (1997) (citing

*Lange Indus., Inc. v. Hallam Grain Co.*, 244 Neb. 465, 507 N.W.2d 465 (1993); *Omaha Pub.*

*Power Dist. v. Darin & Armstrong, Inc.*, 205 Neb. 484, 288 N.W.2d 467 (1980); *Olson v.*

*Pedersen*, 194 Neb. 159, 231 N.W.2d 310 (1975)); *see also Sack Bros. v. Great Plains Co-op.,*

*Inc.*, 260 Neb. 292, 310, 616 N.W.2d 796, 809 (2000)).

    In order for the Court to rule in the manner Farm Credit had hoped on summary judgment,

the Court would have had to ignore the undisputed evidence relating to the fourth element of a

breach of contract damages claim: causation.  The Court has already declined to ignore this element

and again declines to do so.[3]

> The evidence before the Court, as previously discussed, shows

> [t]here is no dispute of fact that [Robey and the Eschelmans] with their five
> accounts were "upset" and "angry" that Mens was no longer with Farm Credit and
> would have left Farm Credit regardless of whether Mens serviced their accounts at
> FBN. Filing 49-2 at 5; Filing 49-3 at 2-3; Filing 49-4 at 2. Mens's breach of the
> Agreement did not cause them to leave Farm Credit; rather Mens's separation from
> Farm Credit caused them to leave.

Filing 71 at 18.

    In its effort to obtain a second bite at the apple, Farm Credit cites *Farm Credit Servs. of*

*Am., FLCA v. Opp*, No. 8:12-CV-382, 2013 WL 434724, at *4 (D. Neb. Feb. 4, 2013) and *Farm*

*Credit Servs. of Am., FLCA v. Tifft*, No. 8:18-cv-80 (D. Neb. Dec. 31, 2019) to show that businesses

rely on noncompetes, customers become attached to their salesperson, and customer intent is

irrelevant in a breach of a noncompete agreement claim. Filing 75 at 5-7. In *Tifft,* the employee

"voluntarily terminated her employment at FCSA," and nothing in the order indicates there was

evidence that customers would leave Farm Credit because of its actions. *Tifft*, No. 8:18-cv-80, at

---

[3] However, the Court ruled in Farm Credit's favor by finding a dispute of material fact and denying Mens's request
for summary judgment as to all clients, save Robey and the Eschelmans, that left Farm Credit after Mens was
terminated. *See* Filing 71 at 20-21.

*4. Filing 116 at 4. In *Opp*, the Court ruled on the evidence available at the preliminary-injunction stage and disagreed with Opp's argument that customers would leave Farm Credit regardless of Opp's work with them. *Opp*, 2013 WL 434724, at *8.

The factual circumstances of the present case are a far cry from the cases cited by Farm Credit. The order in *Tifft* does not suggest Farm Credit did anything to cause the customers to leave. Here, the unrefuted evidence from Robey and the Eshelmans illustrates they would not have kept their business with Farm Credit after Farm Credit terminated Mens. Filing 49-2 at 5; Filing 49-3 at 2; Filing 49-4 at 2.[4] In *Opp*, the defendant argued that customers would leave after Opp left Farm Credit, and the Court found Opp's arguments about customer intent irrelevant. Whereas arguments may demonstrate or refute a likelihood of success on the merits, summary judgment requires actual evidence. Mens filed evidence demonstrating a lack of causation, and the summary judgment standard required Farm Credit to submit or point to facts showing a dispute of fact relating to causation. Farm Credit failed to do so.[5]

The fact that Farm Credit is only able to cite cases with vastly different facts to support its desired outcome illustrates why its argument for reconsideration must fail. No other Nebraska court has published a decision under similar facts, either in support of or in opposition to its desired outcome, on this issue because no party has been so brazen to ask a court to rule upon a record similarly unsupported as the one presented here regarding Robey and the Eshelmans. Indeed, on the record submitted, Farm Credit should have expected the result it received because it contained

---

[4] Indeed, when Mens told Robey and the Eshelmans she could not help them with their 2020 crop-insurance needs due to the obligations of the noncompete and the lawsuit filed by Farm Credit, these customers still did not go back to Farm Credit. Filing 44-2.

[5] Farm Credit states that it disputes whether Mens was terminated and whether Robey and the Eshelmans left because of Mens's termination. Filing 75 at 6-7. However, merely asserting an argument is not enough to create a factual dispute on summary judgment. *See Bedford v. Doe*, 880 F.3d 993, 997 (8th Cir. 2018) ("Once the moving party [submits declarations showing causation and notes no other evidence controverts the declarations], the nonmoving party 'must respond by submitting evidentiary materials' of specific facts showing the presence of a genuine issue for trial.") (citing *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

no evidence showing the essential element of causation. Farm Credit claims to be concerned about the legal repercussions of this case as to Robey and the Eshelmans but it should have considered such concerns when it submitted to having this issue decided on uncontroverted facts which are so unfavorable to it.

Farm Credit also argues the Court erred by making credibility determinations about the intent of Robey and the Eshelmans. Filing 75 at 10-11. However, as the Court has already noted, this is not a case involving disputed facts which the Court weighed based on credibility. Had Farm Credit provided evidence disputing Robey's and the Eshelmans' declarations stating that they left due to Mens's termination, the Court would have found a dispute of material fact and denied summary judgment. Indeed, it appears Farm Credit did not even depose Robey and the Eshelmans to probe their decisions to leave. Due to a lack of conflicting evidence, there was no need for the Court to delve into credibility determinations, and it did not do so.

## V.   CONCLUSION

For the foregoing reasons, Farm Credit's Motion for Reconsideration (Filing 74) is denied.

IT IS ORDERED:

1. Defendant's Motion for Reconsideration, Filing 74, is denied.

Dated this 4th day of August, 2020.

BY THE COURT:

Brian C. Buescher
United States District Judge